**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER ALVAREZ CAZARES, AKA Javier Alvarez,<br><br>          Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | No.   20-71165<br><br>Agency No. A205-318-326<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2022[**]
San Francisco, California

Before:  W. FLETCHER and KOH, Circuit Judges, and KANE,[***] District Judge.

Javier Alvarez Cazares ("Alvarez"), a native and citizen of Mexico, petitions

for review of an order of the Board of Immigration Appeals ("BIA") denying his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

motion to reopen removal proceedings based on changed country conditions in Mexico. The BIA concluded that Alvarez failed to demonstrate prima facie eligibility for asylum and related relief. We have jurisdiction under 8 U.S.C. § 1252.

We review the BIA's denial of a motion to reopen for abuse of discretion and will not overturn the BIA's decision unless it was arbitrary, irrational, or contrary to law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We review the BIA's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). Substantial evidence review means that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). We deny the petition.

1.      The BIA's denial of Alvarez's motion to reopen was not an abuse of discretion because substantial evidence supports its conclusion that he failed to demonstrate prima facie eligibility for asylum and withholding of removal. Generally, an alien must file a motion to reopen removal proceedings within ninety days of a final removal order. 8 C.F.R. § 1003.2(c)(2). An alien may nonetheless file a belated motion to reopen to apply for asylum or withholding based on "changed circumstances arising in the country of nationality or in the country to

2

which deportation has been ordered." *Id.* § 1003.2(c)(3)(ii); *see* 8 U.S.C. § 1229a(c)(7)(C)(ii). To warrant reopening, a movant must proffer sufficient evidence to establish prima facie eligibility for the relief sought. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016). To establish prima facie eligibility, a movant must show "a reasonable likelihood that the statutory requirements for relief have been satisfied." *Salim v. Lynch*, 831 F.3d 1133, 1139 (9th Cir. 2016) (quoting *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003)).

The record does not compel the conclusion that Alvarez established a reasonable likelihood that he is eligible for asylum and withholding of removal. Accordingly, the BIA did not abuse its discretion in denying his motion to reopen on that basis. Even if Alvarez's proposed social groups—consisting of individuals with landowner status or family membership—could potentially serve as a basis for asylum and withholding of removal under certain circumstances, the affidavit he submitted does not compel the conclusion that the crime he fears is motivated by his membership in one of those groups, as opposed to theft or random violence, as the BIA concluded. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that "[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010)

3

(holding that "[a]sylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground").

Moreover, contrary to Alvarez's contention, because the BIA concluded that Alvarez failed to demonstrate prima facie eligibility for asylum and withholding of removal, it was not required to address whether he established changed country conditions justifying the grant of his motion to reopen. *See INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976) (concluding that the "general rule" that "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach" is applicable in immigration proceedings).

2.      We similarly conclude that the BIA did not abuse its discretion when it declined to grant reopening for failure to demonstrate prima facie eligibility for CAT protection.  Alvarez supported his motion by reference to general conditions of criminal violence and corruption, which fail to demonstrate a "*particularized threat* of torture." *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004) (emphasis added) (citation omitted); *see Delgado-Ortiz*, 600 F.3d at 1152 (concluding that "[p]etitioners' generalized evidence of violence and crime in Mexico is not particular to [p]etitioners and is insufficient to meet" the standard for CAT protection).  The BIA was therefore not required to address whether he established changed country conditions. *See Bagamasbad*, 429 U.S. at 26.

**PETITION DENIED.**

4